IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MELISSA Y. PORTER, § <br>     Plaintiff, § <br> v. § <br> SEDGWICK CLAIMS MANAGEMENT § <br> SERVICES, INC. and JP MORGAN § <br> CHASE & CO. § <br>     Defendants. § | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff Melissa Y. Porter ("Plaintiff"), for her Complaint against Sedgwick Claims Management Services, Inc. ("Sedgwick") and JP Morgan Chase & Co. ("Chase"), would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Sedgwick is a corporation and may be served through its registered agent for service of process in Texas, Corporation Service System d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Chase is a corporation and may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

COMPLAINT – Page 1

4. Venue is proper under 29 U.S.C § 1132(e), as Defendant may be found in this District.

Facts

5. As of February 2019, Plaintiff was employed by Chase as a collateral analyst. In February 2019, Plaintiff became disabled as a result of clinical depression. Plaintiff sought short-term disability benefits from Chase administered by Sedgwick and on account of such disability, provided Sedgwick with medical records in support of her claim for short-term disability benefits.

6. By letter dated July 17, 2019, Sedgwick denied short-term disability benefits to Plaintiff between February 22, 2019 and May 30, 2019.

7. In the July 17, 2019 denial, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policy, improperly ignored Plaintiff's current medical condition and testing of such condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff or improperly ignored other statements of Plaintiff's impairments.

8. In connection with its disposition of the claim of Plaintiff to short-term disability benefits between February 22, 2019 and May 30, 2019, including in its July 17, 2019 denial, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named

fiduciary of the decision denying his claim, and one or more of the requirements of 29 CFR 2560.503-1, including the requirement of 29 CFR 2560.503-1(b)(3) that claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers initiation or processing of claims for benefits, the requirement of 29 CFR 2560.503-1(b)(5) that administrative provisions or safeguards contained in the claims procedure to insure that any benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to assure the independence and impartiality of the persons involved in making the decision, the requirements of 29 CFR 2560. 503-1(g)(i)-(iv) and (vii) as to the content of any adverse benefit determination, if the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and procedures and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR-2560.503-1(h)(3)(v) that any health care professional engaged for purposes of a consultation in connection with an appeal of an adverse benefit determination should be an individual who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such

individual, the requirement, to the extent applicable, of 29 CFR 2560.503-1(h)(4), that any new or additional evidence or new or additional rationale supporting any adverse benefit determination be provided to claimant, and the claimant given an opportunity to respond, as provided for in subsection (h)(4)(i) and (ii), the requirements of 29 CFR 2650.503-1(j)(1)-(4) and (6) as to the manner and content of a benefit determination on review, including the requirements of subsections (2) (3) and (4) as to the specific reasons for the determination, reference to the specific plan provision on which the determination is based and a description of any applicable contractual limitation period applicable to an action under ERISA on the claimant's claim, and the requirements of 29 CFR 2650.503-1(j)(6) that any adverse benefit decision with respect to disability benefits include -

 (i)(a) A discussion of the decision, including an explanation of the basis for disagreeing with or not following:

  (A) The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

  (B) The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

  (C) A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

 (ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

 (iii) Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

10. Based on the terms of the governing short-term disability benefits policy, Defendant's July 17, 2019 denial of short-term disability benefits to Plaintiff is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's July 17, 2019 denial of short-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's July 17, 2019 denial of short-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again, in the alternative, in the event Defendant's July 17, 2019 denial of short-term disability benefits is subject to review only for abuse of discretion, Defendant, to the extent of any such discretion, abused it.

<u>Claims</u>

11. For first cause of action, Plaintiff would show that Defendant wrongfully denied short-term disability benefits to Plaintiff under Defendant's short-term disability benefits policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the short-term disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

<u>Reservation of Right to Seek Remand</u>

12. In light of Defendant's violation of Section 1113 of ERISA and one or more requirements of 29 CFR 2560.503-1, or for other good cause, remand of Plaintiff's claim against

Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant Plaintiff judgment against Defendants for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF